In the Matter of the Claim of GLADYS SCHMIDT, Respondent, v. MASTERS SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 17, 1967. Decedent was employed as the maintenance superintendent at the Masters School. On the morning of November 20, 1961, it was snowing and as a result he went to work at about 7:00 A.M. (earlier than usual). He was seen again at 8:00 A.M. by his wife at home. He then returned to work and was next observed at 11:00 A.M. operating a hand guided (nonriding) motor driven snowplow weighing a total of some 525 pounds. Decedent again returned home at about 11:30 A.M. and after having a light lunch left for work at about 11:45 A.M. About 1:00 P.M. he was observed supervising the installation of a snowplow on the front of a jeep and after that was done he left in the jeep and did some plowing. He was found dead in the jeep at about 1:30 P.M. The cause of death was found to be thrombosis of coronary artery, coronary atherosclerosis and congestion of the lungs. A majority of the board panel found that the work effort of the decedent was sufficiently strenuous and exerting to cause more than the normal wear and tear of life and so precipitated the "coronary thrombosis" as to be an accidental injury. The appellants contend that the record does not contain sufficient evidence of the work effort to support the finding of the board as to effort and, further, that the medical evidence is insufficient to support the finding of causal relationship. We note that the claimant's medical expert talks of a myocardial infarction when, in fact, there was no infarction. It appears that he was equating the terms "coronary thrombosis" and "myocardial infarction", but such a construction of his testimony is not free from doubt. The autopsy report, relied upon by the expert, made no mention of a myocardial infarction, but states the cause of death to be throm-

bosis of coronary artery, coronary atherosclerosis and congestion of the lungs. Remittal is required because of the questionable nature of the medical proof. A majority of the court considers that the finding as to work effort is supported by substantial evidence but, upon remittal, it may be possible for claimant to further develop the proof upon this issue as well. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam.*